CAUSE NO. C-1484-21-H  _____

| | | |
|---|---|---|
| **MARIA DEL CARMEN CERECEDO VILLALOBOS** | § § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § | **HIDALGO COUNTY, T E X A S** |
| **NATHANIEL YATES AND OMNI ENTERPRISES** | § § § § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND**
**AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW, MARIA DEL CARMEN CERECEDO VILLALOBOS,** Plaintiff in the above entitled and numbered cause, complaining of and against **NATHANIEL YATES and OMNI ENTERPRISES,** Defendants herein, and for causes of action would respectfully show unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.0   Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.

**II.**
**PARTIES**

2.0   Plaintiff is a resident of Hidalgo County, Texas.

**2.1**   Defendant, **NATHANIEL YATES,** is an individual residing in the State of Nebraska, who may be served with service of process at 10911 Arlington Plz, Omaha, Nebraska, 68164, or wherever he may be found.

2.2   Defendant, **OMNI ENTERPRISES,** is an entity doing business in the State of Texas and may be served with service of process by serving any officer, agent, representative, owner, director

---

Plaintiff's Original Petition, Jury Demand and Request for Disclosure                                        Page **1** of **6**

Case 7:21-cv-00205   Document 1-3   Filed on 05/21/21 in TXSD   Page 2 of 6

Electronically Filed
4/19/2021 2:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1484-21-H

or president at P.O. Box 790803, San Antonio, Texas 78279, or wherever it may be found.

## III.
## JURISDICTION & VENUE

3.0     Venue is proper in Hidalgo County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Hidalgo County, Texas.  This Court has jurisdiction over the parties and subject matter hereof.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
## FACTS

4.0     On or about June 3, 2019, Plaintiff was lawfully driving in a 2012 Chevrolet Sonic, traveling northbound on Bicentennial Blvd., a road located in McAllen, Hidalgo County, Texas.  At the time in question, Defendant **NATHANIEL YATES** was stationary facing eastbound at a stop sign at the intersection of Bicentennial Blvd. and Dallas Ave.  Defendant failed to yield right-of-way from a stop sign, striking Plaintiff's vehicle.

4.1     At such time, Defendant **NATHANIEL YATES** was working in the course and scope of his employment with **OMNI ENTERPRISES.**

## V.
## NEGLIGENCE OF DEFENDANTS

A.   **NATHANIEL YATES**

5.0     At the time of the accident made the basis of this suit, Defendant, **NATHANIEL YATES**, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

   1. In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of TEX. TRANSP. CODE ANN. §545.053;

   2. In failing to yield right-of-way from a stop sign;

---

Case 7:21-cv-00205   Document 1-3   Filed on 05/21/21 in TXSD   Page 3 of 6

Electronically Filed
4/19/2021 2:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1484-21-H

    3.     In failing to timely make application of his brakes;

    4.     In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

    5.     In failing to operate the vehicle in obedience to traffic laws and regulations;

    6.     Driver inattention; and

    7.     In failing to operate the vehicle in a reasonable and prudent manner.

5.1    Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.

### B. OMNI ENTERPRISES

5.2    The above-described collision was proximately caused by the negligence of Defendant **OMNI ENTERPRISES** as a result of its negligent entrustment of the subject vehicle to Defendant **NATHANIEL YATES** when it knew or should have known that he was not a safe driver.

5.3    Defendant **NATHANIEL YATES** was an agent and/or servant of Defendant **OMNI ENTERPRISES.** As such, Defendant **OMNI ENTERPRISES** is responsible for the conduct of Defendant **NATHANIEL YATES** due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

## VI.
## DAMAGES

6.0    Said elements of damage which Plaintiff seeks to recover from Defendants include compensation for the following:

    1.     The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

    2.     The physical pain and mental anguish that Plaintiff will suffer in the future;

    3.     Loss of earnings sustained by Plaintiff from date of injury to time of trial;

Case 7:21-cv-00205   Document 1-3   Filed on 05/21/21 in TXSD   Page 4 of 6

Electronically Filed
4/19/2021 2:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1484-21-H

4. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7. Past and future physical disfigurement; and

8. Past and future physical impairment.

As such, Plaintiff affirmatively pleads that she seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## VII.
## REQUEST FOR JURY TRIAL

7.0   Plaintiff requests a jury trial.

## VIII.
## ALTERNATIVE PARAGRAPH NO. 1

8.0   In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## IX.
## ALTERNTIVE PARAGRAPH NO. 2

9.0   In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## X.
## REQUEST FOR DISCLOSURE

10.0   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described

Case 7:21-cv-00205 Document 1-3 Filed on 05/21/21 in TXSD Page 5 of 6

Electronically Filed
4/19/2021 2:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1484-21-H

below. Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

10.1    Plaintiff requests disclosure of the following, pursuant to Rules 194.2:

(1) the correct names of the parties to the lawsuit;

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of Defendant's claims or defenses;

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6) A copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the Defendants have in their possession, custody or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and.

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Defendants be cited

**C-1484-21-H**
Case 7:21-cv-00205   Document 1-3   Filed on 05/21/21 in TXSD   Page 6 of 6

Electronically Filed
4/19/2021 2:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum over $250,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiff deemed entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

*/s/ Richard Jason Nava*
**RICHARD JASON NAVA**
SBN: 24083552
4909 Bissonnet St., Suite 100
Bellaire, Texas  77401
713/661-9900 Main
713/218-2425 Direct
713/666-5922 Facsimile
Email: eservicerjn@stern-lawgroup.com

**ATTORNEY FOR PLAINTIFF**